UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYBURN THORNE                                                     CIVIL ACTION

VERSUS                                                             NO. 09-3038

LEROY DANOS MAINTENANCE                                            DIVISION 3
SERVICES, INC.

# **O R D E R**

Before the Court are plaintiff's Objections to Defendant's Exhibits [Doc. #56]. Specifically, plaintiff seeks to exclude defendant's Exhibit E, Discrimination/Harassment Policy, and Exhibit F, Hiring Packet and Handbook. Plaintiff argues that under Federal Rule of Evidence 401, the Exhibits do not meet the threshold test of relevancy because defendant promulgated the exhibits after the alleged constructive discharge of plaintiff.

Notwithstanding plaintiff's argument, the Court finds that such evidence is relevant. To establish his claim that he was subjected to a hostile work environment, plaintiff must demonstrate that

> (1) []he is [a] member of a protected group; (2) []he was the victim of uninvited . . . harassment; (3) the harassment was based on [a protected characteristic]; (4) the harassment affected a term, condition, or privilege of [his] employment; and (5) [the] employer knew or should have known of the harassment and failed to take prompt remedial action.

*Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005). The Court recognizes

that this well-established five-part test has undergone a revision, with the Supreme Court ruling that in Title VII harassment cases, where the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements listed above. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Once the plaintiff makes the four-part showing that he has been harassed by a supervisor, the "employer is subject to vicarious liability to a victimized employee" for the supervisor's conduct. *Id.*

However, should plaintiff fail to meet his burden on the fourth element, plaintiff must satisfy all five elements. In other words, plaintiff will have to establish that defendant knew or should have known of the harassment and failed to take prompt remedial action. *Harvill*, 433 F.3d at 434. The Court finds that defendant's Exhibits E and F are relevant and bear directly on whether defendant allegedly failed to take prompt remedial action. Accordingly, Exhibits E and F have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

**IT IS ORDERED** that plaintiff's Objections to Defendant's Exhibits [Doc. #56] are OVERRULED.

New Orleans, Louisiana, this 15th day of January, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Daniel E. Knowles, III*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**